UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEMONT LOVE, *et al.*,

        Plaintiffs,

v.

NEW JERSEY STATE POLICE, *et al.*,

        Defendants.

Civ. Action No. 14-1313 (FLW)

**ORDER**

**THIS MATTER** having been opened to the Court by *pro se* Plaintiffs Andre Love ("Plaintiff Andre Love") and Lemont Love ("Plaintiff Lemont Love") (collectively "Plaintiffs"), on separate unopposed Motions seeking default judgment against Defendant Middlesex County ("Defendant") for $100,000, or, in the alternative, requesting a hearing to assess the appropriate amount to be awarded against Defendant on default; the Court, having reviewed Plaintiffs' submissions in connection with their motions, pursuant to Fed. R. Civ. P. 78, makes the following findings:

(1) Federal Rule of Civil Procedure 55 governs the entry of default judgment. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, the clerk of the court must first enter default, which is appropriate when the defendant has failed to file an answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a); *see Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985). Once that procedural hurdle has been satisfied, it is within the sound discretion of the district court whether to grant a motion for default judgment. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (stating that "the entry of a default judgment is left primarily to the discretion of the district court.").

(2) In exercising its discretion, the district court must evaluate three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164; *see Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009). Finally, although facts pled in the complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages through further proofs. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *see Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-536 (D.N.J. 2008).

(3) On January 17, 1998, Plaintiffs were driving on the New Jersey Turnpike when they were pulled over by New Jersey state troopers Vincent Castellani and Mark Fuentes (collectively, Trooper Defendants"), allegedly, solely on the basis of Plaintiffs' race. According to the Complaint, Trooper Defendants then proceeded to search Plaintiffs' persons and their car without a warrant, consent, or probable cause. Despite the fact that the search did not lead to the discovery of any contraband, Plaintiffs alleged that they were transported to Trooper Defendants' headquarters, where Plaintiffs were informed that they had been arrested for possession of a controlled dangerous substance with intent to distribute.

(4) Subsequently, Plaintiffs were formally charged with possession of a controlled dangerous substance with intent to distribute. Plaintiff Andre Love's prosecution was led by Monmouth County assistant prosecutor, Defendant O'Donnell-Voorman. On March 9, 1998, Plaintiff Andre Love pled guilty to

                one count of possession of cocaine with intent to distribute, pursuant to N.J. Stat. Ann. 2C:35-5a(1), 5(b)(2). Although Plaintiff Andre Love was originally sentenced to three years of imprisonment, on December 18, 1998, his sentence was ultimately reduced to five years of probation. Accordingly, Plaintiff Andrew Love completed his sentence by December 18, 2003.

(5)      Plaintiff Lemont Love's prosecution, on the other hand, was initially led in the Bergen County Prosecutor's Office, before being transferred to Middlesex County, where Middlesex County assistant prosecutor, Defendant Kuberiet, handled his prosecution. On March 11, 1999, Plaintiff Lemont Love pled guilty to one count of possession of a controlled dangerous substance with intent to distribute, pursuant to N.J. Stat. Ann. 2C:35-10(a)(1). Subsequently, on May 14, 1999, he was sentenced to five years of imprisonment, of which he served a total of four years, before being released from prison on May 14, 2003. Plaintiff Lemont Love presumably completed his subsequent probation by May 14, 2004.

(6)      Approximately 10 years later, on February 28, 2014, Plaintiffs filed a Complaint, in which they brought, *inter alia*, the following identical claims against Defendants Bergen County, Monmouth County, and Middlesex County: (a) selective enforcement, illegal search and seizure, false arrest, deliberate indifference, and cruel and unusual punishment, in contravention of the Fourth, Fifth, Eighth, and Fourteenth Amendments, as state actors under 42 U.S.C. § 1983; (b) New Jersey state law claims of wrongful imprisonment, racial discrimination, intentional infliction of emotional distress, and malicious

prosecution; (c) and federal civil RICO claims.

(7) In an Opinion issued on May 26, 2016, the Court dismissed the entirety of Plaintiffs' claims against Defendants Bergen County and Monmouth County with prejudice. Specifically, the Court found that Plaintiffs failed to satisfy the elements of malicious prosecution, and that the remainder of Plaintiffs' claims were time barred by the applicable statute of limitations. *See Love v. N.J. State Police*, No. 14-1313, 2016 U.S. Dist. LEXIS 69562, at *31-50 (D.N.J. May 26, 2016). However, Plaintiffs' claims in connection with Defendant Middlesex County were permitted to proceed, as Defendant Middlesex County had not moved to dismiss such claims. Thereafter, an entry of default was filed by Clerk of Court on June 28, 2016, with respect to Middlesex County for its failure to plead or otherwise defend in this matter. Now, in separate, cursory one-page motions, Plaintiffs move for default against Defendant Middlesex County.

(8) As a preliminary matter, the Court notes that Plaintiff Andrew Love's Motion for Default Judgment against Defendant Middlesex County is without merit, notwithstanding Middlesex's failure to respond in this matter, because Plaintiff Andrew Love's prosecution was handled by Monmouth County—not Middlesex County, and therefore, his claims for relief are solely directed towards Monmouth County. In other words, Plaintiff Andrew Love has no basis upon which to collect a judgment of default against Defendant Middlesex County; therefore, his Motion for Default is denied.

(9) Furthermore, although the Court allowed Plaintiffs' claims to proceed against Defendant Middlesex County, Defendant Middlesex County certainly has

litigable defenses in the instant matter. In fact, the very same claims brought against other counties that were dismissed with prejudice as being time-bared or insufficiently pled, have been brought against Defendant Middlesex County. Thus, the same reasons as to why those claims are dismissed apply with equal force to the claims asserted against Middlesex County.[1] Importantly, Plaintiff Lemont Love has not amended his Complaint to cure any of the deficiencies, nor has he explained why the Court's previous rulings should not apply to Defendant Middlesex County. Therefore, although Defendant Middlesex County has not submitted an Opposition, because it clearly has litigable defenses, the Court denies Plaintiffs' Motion for Default Judgment.[2]

Accordingly,

**IT IS** on this 7th day of February, 2016,

**ORDERED** that Plaintiffs' Motions for Default Judgment as to Defendant Middlesex County are **DENIED**.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. District Judge

---

[1] In a prior Opinion, this Court held that Plaintiffs' constitutional and statutory claims as to various county defendants lacked merit. Therefore, because identical claims are asserted against Defendant Middlesex County, Plaintiffs are not prejudiced by the denial of their Motion for Default Judgment.

[2] The Court notes that Plaintiffs' Complaint was filed approximately 16 years after the date of Plaintiff Lemont Love's traffic stop and arrest, which occurred on January 17, 1998, and detainment, which occurred sometime between January 7, 1998 and March 11, 1999. Therefore, any additional claims that may have been asserted by Plaintiff Lemont Love with respect to Defendant Middlesex County are most likely time barred.