NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOVE, *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>MIDDLESEX COUNTY, *et al.*,<br><br>    Defendants. | Civil Action No. 14-01313 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon *pro se* Plaintiffs Lemont and Andre Love's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure (Rule) 60(b). (ECF No. 64.) Defendant Middlesex County opposed the Motion.[1] (ECF No. 66.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiffs' Motion for Relief is **DENIED**.

**I.  BACKGROUND**

  The facts of this case stem from Plaintiffs' 1998 arrest for possession of a controlled substance with intent to distribute. (ECF No. 1 at 12; ECF No. 52 at 1.[2]) On June 6, 2017, the Honorable Freda L. Wolfson, U.S.D.J. (ret.) dismissed Plaintiffs' malicious prosecution claim with

---

[1]  Middlesex County is the only Defendant to file an opposition brief. (ECF No. 66.)

[2]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

prejudice against Defendants for failure to allege that their prosecution was terminated favorably, reasoning that Plaintiffs convictions "do not 'indicate [their] innocence'" and that Plaintiffs never asserted their innocence. (ECF No. 52 at 30-31; ECF No. 61 at 3-6.[3])

On April 4, 2022, the Supreme Court issued its decision in *Thompson v. Clark*, holding that "to demonstrate a favorable termination . . . for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." 596 U.S. 36, 39 (2022). The Supreme Court's ruling ended the requirement that a plaintiff must show that their "prosecution ended with some affirmative indication of innocence" to satisfy the favorable termination requirement of a malicious prosecution claim. *Id.* at 49.

On April 7, 2025, over three years after *Thompson*, Plaintiffs filed the instant Motion pursuant to Rule 60(b)(6), seeking relief from the prior dismissal of their malicious prosecution claim. (ECF No. 64.)

## II. LEGAL STANDARD

Rule 60 governs motions for relief from a final judgment, order, or proceeding. Under Rule 60(b), a party may seek relief from a final judgment and request that a case be reopened "under a limited set of circumstances." *Edwards v. New Jersey*, Civ. No. 22-2396, 2023 WL 3932848, at *2 (D.N.J. June 9, 2023) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). These circumstances include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[3] This matter was reassigned to the Undersigned on April 4, 2025. (ECF No. 63.)

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time," and when the motion is based on Rule 60(b)(1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* at 60(c)(1). Courts will only grant relief under Rule 60(b)(6) "in cases evidencing extraordinary circumstances." *Edwards*, 2023 WL 3932848, at *2 (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)). And although *pro se* plaintiffs are held to less stringent standards than individuals represented by counsel, a *pro se* plaintiff is "still required to adhere to the rules of civil procedure." *Id.* (quoting *Roy v. U.S. Gov't at White House*, Civ. No. 15-3538, 2017 WL 480411, at *2 (E.D. Pa. Feb. 6, 2017)).

### III. DISCUSSION

Plaintiffs argue that the Court should grant them relief from the judgment that dismissed their malicious prosecution claim and "reconsider these claims under the proper standard established by *Thompson*." (ECF No. 64 at 2.) Plaintiffs submit that: (1) *Thompson* changed the law that was used to dismiss their claim; (2) their claim is valid under the new standard; and (3) they filed the Motion within a reasonable time as required by Rule 60(b)(6). (*Id.* at 1-2.) In opposition, Defendants contend that: (1) Plaintiffs' Motion was not filed within a reasonable time; (2) the *Thompson* decision did not change the law that the court relied on to dismiss Plaintiffs' claim; and (3) even if *Thompson* did change the law, a change in law does not constitute

3

extraordinary circumstances as required under Rule 60(b)(6) to grant relief from a judgment. (ECF No. 66 at 2-5.)

The Court finds that Plaintiffs are not entitled to relief from the 2017 judgment. Plaintiffs' Motion was not filed within a reasonable time as required by Rule 60(c)(1). Plaintiffs filed the Motion almost nine years after the Court's dismissal of their malicious prosecution claim and over three years after the Supreme Court's decision in *Thompson*. (ECF Nos. 52 & 64). *See Thompson*, 596 U.S. at 36. Courts have routinely found that waiting even less than three years to file a Rule 60(b)(6) motion does not satisfy the reasonable time requirement. *See Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that an almost two-year delay between the courts judgment and the plaintiff's filing of a Rule 60(b)(6) motion did not satisfy the reasonable time requirement); *Williams v. City of Erie Police Dep't*, 639 F. App'x 895, 898 (3d Cir. 2016) (holding that a seventeen-month delay between the court's dismissal and the plaintiff's filing of a Rule 60(b)(6) motion did not satisfy the reasonable time requirement, characterizing the delay as "an 'extraordinary' amount of time"); *U.S. ex rel. Pritsker v. Sodexho, Inc.*, Civ. No. 11-3929, 2012 WL 2948193, at *3 (3d Cir. July 20, 2012) (holding that a two-year delay between the court's dismissal and the plaintiff's filing of a Rule 60(b)(6) motion did not satisfy the reasonable time requirement). Moreover, courts have found that failing to file a Rule 60(b) motion within two years of a Supreme Court decision does not meet the reasonable time requirement. *Reed v. Pierce*, Civ. No. 06-445, 2014 WL 3919656, at *2 (D. Del. Aug. 11, 2014) (holding that a one-year and seven-month delay between a Supreme Court decision and the plaintiff's filing of a Rule 60(b)(6) motion that was based off the Court's decision did not satisfy the reasonable time requirement).

Further, Plaintiffs offer no reason for their delay in filing the Motion. (*See* ECF No. 64.) Courts have held that parties particularly fail to satisfy the reasonable time requirement when a

4

party does not explain their delay. *See Williams*, 639 F. App'x at 898 (denying the plaintiff's Rule 60(b)(6) motion, reasoning in part that "[the plaintiff] did not offer an explanation for this delay"); *Azubuko v. Bunker Hill Cmty. Coll.*, 442 F. App'x 643, 644 (3d Cir. 2011) (denying the plaintiff's Rule 60(b)(6) motion, reasoning in part that "because [the plaintiff] has provided no explanation for his delay in filing, [the court] agrees with the [d]istrict [c]ourt that [the plaintiff] has not filed his motion within a reasonable time"); *Reed*, 2014 WL 3919656 at *2 (denying the plaintiff's Rule 60(b)(6) motion, reasoning in part that the plaintiff has not presented any reason for his delay).

Accordingly, the Court declines to grant Plaintiffs relief from the judgment dismissing their malicious prosecution claim.

## IV.    CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

IT IS on this 24th day of July 2025 **ORDERED** as follows:

1. The Clerk shall reopen this matter for consideration of Plaintiffs' Motion.

2. Plaintiffs' Motion for Relief from Judgment (ECF No. 64) is **DENIED**.

3. The Clerk's Office is directed to **TERMINATE** Plaintiffs' Motion at ECF No. 64.

4. The Clerk's Office is directed to mail Plaintiffs a copy of this Memorandum Order and **CLOSE** this case.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE